CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

June 04, 2025

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| WAYNE SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00227 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ROANOKE SHERRIF'S | ) | By:   Hon. Thomas T. Cullen |
| DEPARTMENT, *et al.*, | ) |          United States District Judge |
| | ) | |
| Defendants. | ) | |

Plaintiff Wayne Sanders, proceeding *pro se,* filed this civil-rights action under 42 U.S.C. § 1983 against the Roanoke Sheriff's Department and "Medical" at the Roanoke City Detention Center. (*See* Compl. [ECF No. 1].) In his complaint, Plaintiff alleges that his dietary restrictions and allergies have not been accommodated since his arrival at the detention facility. (*See id.* at 2–5.)

Before or soon after docketing, the Court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the Court must dismiss the complaint, or any portion of thereof, that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, when a party, like Plaintiff has requested permission to proceed *in forma pauperis*, the court must dismiss a case upon determining that the action "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." *Id.* ¶ 1915(e)(2)(B).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. Plaintiff's claims against Defendants are frivolous and fail to state a claim because neither the Roanoke Sheriff's Department nor the Roanoke City Detention Center medical department are subject to suit under § 1983. *See Thompson v. City of Danville, Va.*, No. 4:10cv00012, 2011 WL 2174536, at *4 (W.D. Va. June 3, 2011) ("Local police and sheriff's departments . . . do not have the capacity to be sued."); *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."); *see also Sanders v. Roanoke City Sheriff Dept.*, No. 7:22CV00591, 2023 WL 4824762, at *1 (W.D. Va. July 27, 2023) (dismissing prior claims by Plaintiff against jail medical department under § 1915(e)(2)(B) for this reason).

Consequently, Plaintiff cannot proceed with his claims against either Defendant, and this action will be dismissed without prejudice to Plaintiff's right to refile a similar action against the correct person or persons in the future.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 4th day of June, 2025.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE